IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | | |
|---|---|---|
| JASMIN DIAZ, | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | **DOCKET NO.** |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, KONE, INC, AND JOHN DOES 1-10, | : | **COMPLAINT** |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

Jasmin Diaz, through her undersigned attorneys, alleges, upon personal knowledge as to Plaintiff, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a personal injury action brought against the defendants, including "Washington Metropolitan Area Transit Authority" (hereinafter "WMATA"), a large transportation entity which provides transportation services in and throughout the Washington, DC and surrounding metropolitan areas. Kone, Inc. a manufacturer and servicer of escalators and elevators; and John Does 1-10, fictitious names representing other yet unknown persons or entities that caused or contributed to Plaintiff's injuries.

## PARTIES

2. Plaintiff, Jasmin Diaz, is a resident and citizen of New Jersey. She was injured while visiting a friend in the Washington, DC area, and using the services of the WMATA system.

3. Defendants John Does 1 – 10 are manufacturers, suppliers, sellers or servicers of an escalator (or its component parts) on which the plaintiff, Jasmin Diaz, was injured, within the Arlington Station of WMATA, located in Arlington, Virginia.

4. Defendant Kone, Inc. is a corporate entity, incorporated in the State of Illinois, and doing business in and throughout the country and the world.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this action, based on diversity of citizenship. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. This Court has jurisdiction based on 28 U.S.C.§ 1332

6. This Court also has pendent jurisdiction, as provided under 28 U.S.C.§ 1367(a)

7. Venue is proper in this district pursuant to 28 U.S.C.§ 1391(a).]

## FACTUAL ALLEGATIONS

8. On the evening of March 22, 2013, Plaintiff, Jasmin Diaz, was an invitee on premises owned, controlled and/or maintained by the defendants.

9. Specifically, Jasmin Diaz had traveled from her home in Collingswood, Camden County, New Jersey, by train, to the Washington, D.C. area to visit a friend who lived and worked in that area.

10. Upon arriving at Union Station, in Washington, D.C., plaintiff and her friend then proceeded to take the "Metro" from Union Station to Arlington Station, located in Arlington, Virginia.

11. After alighting from a train at the Arlington Metro Station, the two proceeded to take the escalator up to the next level of Arlington Station.

12. At or near the top of the escalator, the bottom of Jasmin's pants got "caught" in the teeth of the escalator, causing the bottom of her leg to twist and turn in an awkward, unorthodox and extremely painful position, and causing her to fall onto the floor at the top of the escalator.

13. As a result of the fall, the plaintiff, Jasmin Diaz, sustained an extremely serious, displaced, comminuted fracture of her left ankle, and had to be transported by ambulance to a local hospital.

14. Plaintiff's weekend visit with her friend was essentially spent at the hospital in Arlington, Virginia and, on Sunday of that weekend, she was transported, in continuing severe pain, back to her home in Collingswood, Camden County, New Jersey.

15. Upon her return to New Jersey, plaintiff sought consultations with the Rothman Orthopedic Institute at the Thomas Jefferson University Medical Center in Center City

Philadelphia, Pennsylvania (which is just over the bridge from her home in Collingswood, New Jersey).

16. The seriousness of plaintiff, Jasmin Diaz's injuries necessitated complete bed rest, and elevation of the leg for a significant period of time, to try to reduce the swelling, in anticipation of necessary surgery. In the interim, Plaintiff was disabled and unable to work. Plaintiff remained disabled and unable to work for many weeks, both before and after her surgery.

17. The surgery was eventually performed by physicians at the Jefferson University Medical Center. The surgery was a pilon open reduction, internal fixation of the left ankle. Following the surgery, there was a long, arduous and difficult process of intensive physical therapy and rehabilitation.

18. Plaintiff, Jasmin Diaz, suffered excruciating pain as a result of her injuries and was largely immobile during the months following her injury, and the subsequent surgery. The surgical incision also developed a severe infection, which took many weeks to treat and stabilize. Plaintiff, an attractive young woman, has a significant disfiguring scar on the bottom of her leg.

19. As a direct and proximate result of the fall, the plaintiff, Jasmin Diaz, sustained severe, permanent and debilitating injuries, which injuries necessitated medical treatment, caused her and continues to cause her great pain and suffering, incapacitated her from pursuing her usual employment and daily activities, and left her with permanent and continuing disabilities that will in the future cause her great pain and suffering, incapacitate her from her usual employment and daily activities, and cause her to need future medical care and treatment. In addition, she is left with a defacing scar on her lower extremity.

## FIRST CAUSE OF ACTION [NEGLIGENCE]

20. The allegations set forth in Paragraphs one through 19 of this Complaint are re-alleged and incorporated by reference as if fully set forth at length herein.

21. Defendant(s) had a duty to provide reasonably safe facilities for invitees like the Plaintiff, who utilized the escalator(s) at the Arlington Station, and other stations within the "WMATA" network of rail lines and train stations.

22. WMATA and/or the other defendants herein breached their duties to provide a safe escalator, by failing to properly maintain the escalator in question, resulting in a dangerous and

defective condition, whereby the "teeth" of the escalator were not properly adjusted and became "caught" in the clothing being worn by the plaintiff.

23. It was reasonably foreseeable that, by failing to maintain and properly adjust the escalator in question, an invitee on the property, like the plaintiff, Jasmin Diaz, would be injured while using the escalator.

24. The defendants' negligent failure to provide a safe escalator and, in particular, to properly maintain and adjust the escalator in question, was the proximate cause of the plaintiff's fall, and of her subsequent very serious injuries.

25. As a direct and proximate result of defendants' negligence in failing to provide a safe escalator, plaintiff Jasmin Diaz suffered damages, including severe, permanent and debilitating injuries, which injuries necessitated medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual employment and daily activities, and left her with permanent and continuing disabilities that will in the future cause her great pain and suffering, incapacitate her from her usual employment and daily activities, and cause her to need future care and treatment.

WHEREFORE, plaintiff, Jasmin Diaz, hereby demands judgment against defendants, Washington Metro Area Transit Authority, Kone, Inc., and John Does 1-10, for compensatory damages, counsel fees, and all costs of suit.

### SECOND CAUSE OF ACTION [GROSS NEGLIGENCE]

26. The allegations set forth in Paragraphs one through 25 of this Complaint are re-alleged and incorporated by reference as if fully set forth at length herein.

27. Defendants had a duty to provide reasonably safe facilities, including but not limited to the escalators utilized by patrons and commuters.

28. The defendants breached their duties owed by wantonly, willfully and recklessly failing to provide a safe escalator for invitees and members of the traveling public, like Jasmin Diaz.

29. It was reasonably foreseeable that, by failing to provide a safe escalator, and by failing to maintain and adjust said escalator properly, a guest/invitee like the plaintiff, Jasmin Diaz, would be injured while using the escalator.

30. Defendants' wanton, willful and reckless disregard for the safety of invitees like the plaintiff and, in particular, their willful, wanton and reckless failure to address serious and

dangerous defective conditions of the premises at Arlington Station, and other stations within the WMATA system, caused the plaintiff to take a serious fall, and thereby sustain very serious injuries.

31. As a result of defendants' gross negligence and wanton, willful and reckless disregard for the safety of their guests, plaintiff has suffered damages.

32. As a direct and proximate result of defendants' negligence in failing to provide a safe escalator, plaintiff Jasmin Diaz suffered damages, including severe, permanent and debilitating injuries, which injuries necessitated medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual employment and daily activities, and left her with permanent and continuing disabilities that will in the future cause her great pain and suffering, incapacitate her from her usual employment and daily activities, and cause her to need future care and treatment.

33. Because the defendants' gross negligence was wanton, willful and in reckless disregard for the safety of their guests, punitive damages should also be awarded, in an amount to be determined at trial.

## STRICT LIABILITY

34. Plaintiff incorporates by reference all of he allegation of paragraphs 1-33 of the Complaint, as if fully set forth at length herein.

35. The escalator in question is a "product" within the meaning of the concept of "products liability", as that term is utilized in modern tort law.

36. The escalator in question constituted a dangerous and defective product at the time it was being innocently used by the plaintiff, Jasmin Diaz, and her friend.

37. The dangerous product (i.e. the escalator in question) was the direct and proximate cause of the serious injuries sustained by the plaintiff, Jasmin Diaz.

38. As a result of this dangerous and defective product causing injury to the plaintiff, the defendants, and each of them, are strictly liable under and pursuant to the concept of "strict liability" under products liability law, both common law and statutory law.

39. As a result of the injuries sustained, as a direct and proximate result of defendants' negligence in failing to provide a safe escalator, plaintiff Jasmin Diaz suffered damages, including severe, permanent and debilitating injuries, which injuries necessitated medical

treatment, caused her great pain and suffering, incapacitated her from pursuing her usual employment and daily activities, and left her with permanent and continuing disabilities that will in the future cause her great pain and suffering, incapacitate her from her usual employment and daily activities, and cause her to need future care and treatment.

### COUNT IV [JOHN DOE DEFENDANTS]

40. Plaintiff incorporates by reference the allegations of paragraph one through 39 of the Complaint as if fully set forth at length herein.

41. John Does 1-10 are other persons or entities, who or which caused or substantially contributed to causing the plaintiff's injuries, as a result of their culpable conduct, or pursuant to concepts of strict liability under the law.

42. As a result of the culpable conduct or strict liability of the John Does 1-10, as set forth herein, the plaintiff sustained serious injuries.

43. As a direct and proximate result of defendants' negligence in failing to provide a safe escalator, plaintiff Jasmin Diaz suffered damages, including severe, permanent and debilitating injuries, which injuries necessitated medical treatment, caused her great pain and suffering, incapacitated her from pursuing her usual employment and daily activities, and left her with permanent and continuing disabilities that will in the future cause her great pain and suffering, incapacitate her from her usual employment and daily activities, and cause her to need future care and treatment.

WHEREFORE, Plaintiff hereby demands judgment against Defendants John Does 1-10 for compensatory damages, punitive damages (to the extent applicable), counsel fees and all costs of suit.

### DEMAND FOR RELIEF (AS TO ALL COUNTS)

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, and each of them:

A. Awarding actual damages resulting from Defendants' wrongdoing, in excess of $500,000.

B. Punitive damages, is an amount to be proven at trial.

C. Pre and post-judgment costs, interest and attorney's fees.

D. Such other and further relief as the Court may deem appropriate and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATE:

ROBERT HENSLER, LLC
Attorney for Plaintiff, Jasmin Diaz

By: Robert J. Hensler, Esquire
601 Haddon Avenue
Collingswood, NJ 08108
856-858-1170